UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELMOND MARSHALL,

      Plaintiff,                               Hon. Janet T. Neff

v.                                                    Case No. 1:19-CV-923

NICK GEORGE, et al.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff initiated this action on November 4, 2019, against a variety of organizations and individuals alleging numerous violations of his federal and state law rights. Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that venue over Plaintiff's complaint be transferred to the United States District Court for the Eastern District of Michigan.

## BACKGROUND

In his complaint, Plaintiff alleges the following. As of September 23, 2016, Plaintiff resided in Grand Blanc, Michigan.[1] On this date, Joshua Warren and another unidentified man unlawfully entered Plaintiff's property and stole various items belonging to Plaintiff. The two men in question were employed by Nick George. Plaintiff reported the matter to George who declined to assist Plaintiff recover his stolen property. Instead, George contacted the Grand Blanc Police Department and instructed them to "intimidate" Plaintiff and, moreover, to "cover for his guys that did the crime."

On October 7, 2016, Plaintiff was detained by several Grand Blanc Police Officers in response to a report that Plaintiff was a "major marijuana dealer." One of the officers acknowledged to Plaintiff that the report in question was submitted by Nick George. The officers concluded that they could not take any action against Plaintiff, however, because "there are too many witnesses." Accordingly, the officers released Plaintiff. The officers who detained Plaintiff were acting pursuant to a vast conspiracy to violate his civil rights. Likewise, the failure by the Grand Blanc Police Department to apprehend the men who stole Plaintiff's property constitutes a conspiracy to obstruct justice and violate Plaintiff's rights.

Plaintiff initiated this action against: (1) Nick George; (2) Joshua Warren; (3) several Grand Blanc detectives and police officers; (4) the City of Grand Blanc;

---

[1] Grand Blanc is located just south of Flint, Michigan.

(5) the Grand Blanc Police Department; (6) the Mayor of Grand Blanc; (7) officials with the Genesee County Prosecutor's Office; (8) the Michigan Department of Civil Rights and several of its employees and officials; (9) an Assistant United States Attorney; (10) former Michigan Attorney General Bill Schuette; and (10) unknown individuals and co-conspirators.  Plaintiff alleges numerous violations of his state and federal law rights and seeks one billion, eighty-one million, eight hundred thirty-one thousand dollars and thirty cents ($1,081,831,000.30) in compensatory damages. Plaintiff also seeks an unspecified amount in punitive damages.

## ANALYSIS

Venue for all civil actions in federal court is governed by 28 U.S.C. § 1391(a). Under Section 1391(b), venue is proper in the following districts:

> (1) a judicial district where any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Pursuant to § 1391(b)(2)-(3), venue is not proper in this Court.  Whether venue is permissible in this Court under § 1391(b)(1) is less clear.  While 20 of the 22 defendants reside in the Eastern District, Plaintiff has named as defendants two representatives of the Michigan Office of Attorney General.  For venue purposes these defendants may be deemed to reside in Lansing, Michigan, which is located within the Western District, thus making venue in this Court permissible under

3

§ 1391(b)(1). *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (where a defendant is being sued for actions taken in their official capacity, venue is proper where the defendant serves).

Whether the burden to establish that venue is proper in a given forum rests with Plaintiff or Defendants is equally unclear. *See, e.g., Commins v. NES Rentals Holdings, Inc.*, 2017 WL 3485005 at *1 n.2 (W.D. Ky., Aug. 14, 2017) (collecting cases from district courts within the Sixth Circuit which have reached contrary results on the question); *see also, Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 652 n.7 (6th Cir. 2016) (suggesting that the burden on questions of venue rests with defendants). The Court need not resolve this dispute, however, because even if Plaintiff *could* bring the present action in this court, transfer of this matter to the Eastern District of Michigan is nevertheless necessary in the interests of justice. *See* 28 U.S.C. § 1404.

Pursuant to § 1404, the Court may, in the interest of justice, transfer any civil action to any other district where it might have been brought. The Court may *sua sponte* transfer a matter pursuant to § 1404, even if the venue initially selected is permissible under 28 U.S.C. § 1391. *See, e.g., Tomlinson v. Holder*, 2011 WL 5330724 at *7 (E.D. Ky., Nov. 7, 2011) (citations omitted). While the Court is generally advised to provide the parties an opportunity to be heard before *sua sponte* transferring a matter on venue grounds, *see Anderson v. Wyant*, 2017 WL 5904347 at *1 (W.D. Mich., Nov. 30, 2017), such may not always be necessary. For example, in *Tomlinson*, the court, at the screening stage, prior to service on any defendant,

4

transferred the matter sua sponte given that the factors justifying such so heavily weighed in favor of transfer. As discussed below, such is the case presently.[2]

When deciding whether to transfer a case under § 1404, the Court considers several factors including: the convenience of witnesses and parties, the location of relevant documents, the locus of operative facts, the availability of process to compel the attendance of unwilling witnesses, and the interests of justice. *See Wyant*, 2017 WL 5904347 at *2.

Consideration of these factors weighs heavily in favor of transfer. All of the facts giving rise to this action occurred in the Eastern District of Michigan. Of the 22 defendants against whom this matter is asserted, at least 20 reside in the Eastern District. As for the two Defendants who possibly reside in this district, Plaintiff's allegations are, at most, tangential to his primary claims. It is also not clear that this Court would be able to compel the attendance of unwilling non-party witnesses given this Court's distance from the locations where the events in question allegedly occurred. *See* Fed. R. Civ. P. 45(c). Finally, the Court finds that the interests of justice compel transfer of this matter.

---

[2] Plaintiff nevertheless will be afforded the opportunity to address the question of venue should he choose to object to this Report and Recommendation. As for whether Plaintiff's complaint should be dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, the Court offers no opinion as such is properly addressed by the court where venue properly lies.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that this matter be transferred to the United States District Court for the Eastern District of Michigan.


Date: November 15, 2019          /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).